IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WESTYE GROUP-MIDWEST, LLC,
and WOLF APPLIANCE, INC.,

                                                             ORDER

                       Plaintiffs,

                                                 08-cv-322-bbc

     v.

INDEPENDENT SHEET METAL, INC.,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Westye Group-Midwest, LLC and Wolf Appliance, Inc. brought this suit against defendant Independent Sheet Metal, Inc. on June 3, 2008, seeking monetary and declaratory relief. Plaintiffs alleged that defendant owes plaintiff Westye Group $107,488.60 plus interest on past due invoices related to defendant's repurchase of inventory from plaintiff Westye. In a separate claim, plaintiffs want the court to declare that plaintiff Wolf does not owe defendant any portion of the retroactive metal surcharges that defendant asserted unilaterally in 2007 for product ordered, received and paid for in 2006; that it was proper for plaintiff Wolf to discontinue its purchase of products from defendant effective August 2007; and that plaintiff has not infringed any intellectual property rights

1

of defendant relating to kitchen hood designs.  The case is before the court on defendant's motion to dismiss for improper venue (as to the claim asserted by plaintiff Westye Group only), lack of personal jurisdiction over defendant (as to the claims asserted by plaintiff Wolf only) or in the alternative to transfer the case to Nevada.

Despite the parties' extensive briefing of defendant's motions to dismiss or transfer the case, no one has addressed a more basic issue, which is whether plaintiffs' complaint complies with Fed. R. Civ. P. 20.  This rule allows the permissive joinder of plaintiffs who assert any right to relief jointly with respect to the same transaction or occurrence.  No such joint right to relief is alleged in the complaint.  Instead, plaintiffs say in their complaint, "Westye and Wolf each did business with [defendant] on unrelated matters in the State of Wisconsin," Cpt., dkt.#1, at 2.  I read this as a concession that plaintiffs are not entitled to joinder because they are asserting independent rights arising out of different transactions and occurrences.  This conclusion is supported by a review of their specific allegations.  Plaintiff Westye Group alleges that defendant failed to pay it for certain product it had agreed to buy back from plaintiff Westye Group; plaintiff Wolf wants a declaration that it owes no money to defendant, that it was not improper to discontinue its purchase of defendant's products and that it has not infringed any of defendant's copyrights or other intellectual property rights.

In light of these very different claims arising out of different transactions, I believe

that the proper course is to sever the claims of the two plaintiffs.  No benefit would be served by continuing to treat them as one case; even the bases for defendant's contention that this case should be dismissed or transferred vary by plaintiff.   If both plaintiffs wish to continue prosecution of their claims, they should file independent complaints promptly, one in this case and one in what will be a new case.  Once that is accomplished, defendant will have an opportunity to advise the court whether it wishes to file new motions for dismissal or transfer or whether it wishes to stand on those previously submitted.

ORDER

IT IS ORDERED that this case is severed into two separate cases, one for each plaintiff.  Plaintiffs Westye Group-Midwest, LLC and Wolf Appliance, Inc. may have until November 14, 2008, in which to file new complaints, and advise the clerk of court which one is to be filed in this case and which one is to be filed in a new case.  Defendant Independent Sheet Metal, Inc. may have until  November 21, 2008, in which to advise the court whether it wishes to stand on its present motion to transfer or dismiss or prefers to file new motions.  If it chooses to file new motions, it may have until November 29, 2008 in

which to do so.

Entered this 6th day of November, 2008.

                            BY THE COURT:

                            /s/

                            _____
                            BARBARA B. CRABB
                            District Judge