IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WOLF APPLIANCE, INC.,

                Plaintiff,                    ORDER

     v.                                 08-cv-322-bbc

INDEPENDENT SHEET METAL,

                Defendant.

---

WESTYE GROUP-MIDWEST, LLC,

                Plaintiff,

                                 08-cv-666-bbc

     v.

INDEPENDENT SHEET METAL,

                Defendant.

---

On December 10, 2008, this court held a telephonic hearing in both of these cases on the pending interrelated motions.  In the 08-cv-322 case, plaintiff filed a motion to compel (dkt. 52), defendant's attorney filed a motion to withdraw as counsel (dkt. 56), a motion for an extension of time on discovery (dkt. 57) and a motion for a protective order on discovery (dkt. 62).  Mirror-image motions were filed in the 08-cv-666 case: dkt. 7 (motion to compel), dkt. 11

(motion to withdraw as counsel), dkt. 12 (motion for extension of time) and dkt. 17 (motion for a protective order).

After discussing the motions with both sides, I granted both motions to compel (dkts. 7 and 52).  Defendant has until December 19, 2008 within which to provide all requested financial data.  Failure to do so will result in sanctions pursuant to Rule 37(b).  Additionally, I am granting both plaintiffs permission to depose defendant's former employees.

Next, I granted defendant's attorney's motion to withdraw (dkts. 11 and 56), but stayed the effect of this order until January 9, 2009.  A corporate party in civil litigation cannot litigate in federal court unless it is represented by an attorney.  *United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008).  Defendant deserves about a month to attempt to replace its current attorneys in these two lawsuits.  If a new attorney has not filed an appearance on behalf of defendant in these lawsuits by January 9, 2009, then defendant cannot litigate in defense of these lawsuits.

Technically, the motions for extensions of time (dkts. 12 and 57) are granted to allow discovery to proceed.  In response to inquiry from both attorneys, I am not staying the currently-scheduled depositions, but neither am I requiring defendant's Wisconsin attorneys to participate and defend those depositions.  Counsel reported that these depositions have been cross-noticed in the Nevada lawsuits involving the same parties.  Defendant is represented by Nevada counsel in those same cases and plaintiffs anticipate that defendant's Nevada attorneys still will be on board to defend the depositions.  If this changes or if other complications arise, the parties should contact the court.

The parties had no other matters to bring to the court's attention.

Entered this 10th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge