IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WOLF APPLIANCE, INC.,

        Plaintiff,                    ORDER

   v.                                     08-cv-322-bbc

INDEPENDENT SHEET METAL,

        Defendant.

---

WESTYE GROUP-MIDWEST, LLC,

        Plaintiff,

                                         08-cv-666-bbc

   v.

INDEPENDENT SHEET METAL,

        Defendant.

---

On December 12, 2008, this court held a recorded telephonic hearing on plaintiffs' motion for clarification filed in each of these cases. *See* Dkt. 68 in 08-cv-322 and Dkt. 24 in 08-cv-666. Both plaintiffs and defendants were represented by counsel.

First, I clarified that plaintiffs are allowed to contact and interview defendant's former employees without permission from or the presence of defendant.

Second, defendant must pay the plaintiffs' costs of filing the original motion, pursuant to Rule 37(a)(5). Defendant alone – not its law firm – is responsible for paying these expenses. Plaintiffs may have until December 19, 2008 within which to submit an itemized bill of costs. Defendant may have until December 30, 2008 within which to file any response to the reasonableness of the costs and expenses requested.

With regard to the deposition dispute and the posture of the Nevada lawsuit and defendant's Nevada attorneys, I have no jurisdiction over the Nevada case or the Nevada attorneys. To provide plaintiffs more breathing room in determining how they wish to proceed, I moved the summary judgment motion deadline in this court's cases to May 1, 2009, with plaintiffs' expert disclosure due by June 19, 2009, and defendant's expert disclosure by July 17, 2009. This gives plaintiffs the opportunity to wait for new counsel to appear on behalf of defendant in the lawsuits filed in this district.

Let it be clear to defendant, however, that January 9, 2009 is a firm deadline: if new counsel have not appeared on behalf of defendant in these two cases by then, then defendant is proceeding without counsel, which means that defendant may not proceed at all. Defendant shall not receive any extensions of this January 9, 2009 deadline, so it must make best efforts to find new counsel by then. Once new counsel have appeared, we will figure out calendaring for the remainder of these cases. In light of this, there is no point in proceeding with the December 17, 2008 telephonic status conference in the second case, so it is canceled.

The bottom line is that plaintiffs' motion for clarification and to compel attendance at depositions is granted in part and denied in part in the fashion and for the reasons stated above.

Entered this 12th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge